UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA SALMON,<br>    *Plaintiff*, | )   CASE NO. 3:24-cv-00244 (KAD)<br>)<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA,<br>    *Defendant*. | )   FEBRUARY 3, 2025<br>) |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 11)**

Kari A. Dooley, United States District Judge:

Plaintiff, Sandra Salmon, commenced this defamation action in the Superior Court for the state of Connecticut against Susan Trimboli and Bernadette Jao, both of whom were her superiors at the Veterans Administration ("VA") facility in West Haven, Connecticut. Pursuant to 28 U.S.C. § 2679(d)(2), the United States was substituted as Defendant insofar as the United States certified that Trimboli and Jao were acting within the scope of their employment at the time of the conduct at issue. *See* Certification of Scope of Employment, ECF No. 1-2; Order at ECF No. 12. As such the Complaint is construed as brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. Pending before the Court is Defendant's Motion to Dismiss, in which the United States asserts that this Court is without subject matter jurisdiction. Plaintiff did not respond to the motion. For the reasons that follow, the motion is GRANTED.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.

The appropriate analysis for a facial challenge to subject matter jurisdiction, like the one raised by the Defendant, is similar to that required under Rule 12(b)(6). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it…, the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56–57.

**Allegations**

The Court does not include a detailed recitation of the allegations in the Complaint. In summary, Plaintiff, a registered nurse, worked for the Department of Veterans Affairs. Compl., ECF No. 1-1. at 1.[1] Susan Trimboli and Bernadette Jao were the Deputy Associate Director and Associate Director for Nursing and Patient Care Services at VA Connecticut Health Systems. *Id.* Plaintiff alleges that Trimboli and Jao defamed her by knowingly and falsely stating that Plaintiff was a "terrorist," or otherwise posed a threat to them and the VA facilities. *Id.* at 2, 4. Plaintiff alleges that Trimboli and Jao acted in concert in their effort to discredit and defame Plaintiff. *Id.* at 4–5. Plaintiff seeks damages for Libel and Slander. *Id.* at 5–6.

**Discussion**

---

[1] Plaintiff's complaint is included as an attachment to Defendant's Notice of Removal at ECF No. 1. Plaintiff did not number the pages in her complaint, so the Court cites to the page numbers provided by the CMECF system.

Title 28, United States Code Section 2679(d)(2) provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The originally named defendants in this action, Trimboli and Jao, were so certified on February 22, 2024.[2] *See* Certification of Scope of Employment. Accordingly, Defendants removed this action to federal court on February 23, 2024, *see* Notice of Removal, ECF No. 1 at 1, and then moved to substitute the United States as the sole defendant in their place pursuant to § 2679(d)(2). *See* Mot. to Substitute Def., ECF No. 10 at 2. The Court granted the motion on March 4, 2024. *See* Order, ECF No. 12.

On March 1, 2024, Defendant filed the instant Motion to Dismiss. *See* Mot. to Dismiss, ECF No. 11. Defendant seeks dismissal on two grounds—first that the complaint is barred by sovereign immunity and second that Plaintiff failed to exhaust administrative remedies before bringing this suit under the FTCA. *See* Def.'s Mem. in Supp., ECF No. 11-1, at 4–6.

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court

---

[2] The certification was made by Assistant United States Attorney Michelle McConaghy, who "[had] authority to make scope of employment determinations pursuant to 28 U.S.C. § 2679(d)(1)." Certification of Scope of Employment, ECF No. 1-2.

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The question of sovereign immunity is "jurisdictional in nature." *Russo v. United States*, No. 22-1869-CV, 2024 WL 726884, at *1 (2d Cir. Feb. 22, 2024).

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). Under the principle of sovereign immunity, it is "'axiomatic… that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell,* 463 U.S. 206, 212 (1983)). "Any waiver of the government's sovereign immunity is to be strictly construed in favor of the government." *Searles v. United States*, No. 21-CV-6570 (RA), 2022 WL 2829912, at *2 (S.D.N.Y. July 20, 2022) (quoting *Long Island Radio Co. v. N.L.R.B.*, 841 F.2d 474, 477 (2d Cir. 1988).

"The FTCA provides a limited waiver of sovereign immunity for certain tort claims against the Federal Government for money damages." *Rodriguez v. United States Army*, 788 F. App'x 67, 68 (2d Cir. 2019). Indeed, an action under the FTCA is "the exclusive means of recovery" for money damages by a plaintiff asserting a tort claim against the United States. *See Carroll v. Trump*, 49 F.4th 759, 765 (2d Cir. 2022), *certified question answered*, 292 A.3d 220 (D.C. 2023). The FTCA's waiver of sovereign immunity, however, is subject to certain exceptions, including the "intentional tort exception," codified at 28 U.S.C. § 2680(h), which "bars all claims arising out of intentional torts… even if artfully pleaded to sound in negligence, unless the tortfeasor's employment status is irrelevant to the theory of negligence liability." *Rodriguez*, 788 F. App'x at 68. Further, Section 2680(h) specifies that the FTCA does not apply to any claim arising out of libel or slander.

Plaintiff's only claims are for money damages for libel and slander. *See* Compl. at 5–6. As detailed above, the United States is now the sole defendant in this case, and pursuant to § 2680(h), the FTCA does not waive sovereign immunity for libel nor slander.[3] *See Hopkins v. Osborn*, No. 3:17-CV-01245 (JAM), 2019 WL 1099030, at *5 (D. Conn. Mar. 8, 2019); *Francis v. Donahoe*, No. 13CV359 SRU, 2014 WL 1292191, at *3 (D. Conn. Mar. 31, 2014); *Xiang Li v. Duncan*, No. 5:12-CV-1427 LEK/DEP, 2013 WL 4483078, at *2 (N.D.N.Y. Aug. 20, 2013); *Brockway v. VA Connecticut Healthcare Sys.*, No. 3:10-CV-719 CSH, 2012 WL 2154263, at *9 (D. Conn. June 13, 2012). As such, the United States has not consented to suit, and sovereign immunity bars Plaintiff's claims. *See Carroll*, 49 F.4th at 766. ("Substituting the United Sates in place of [Trimboli and Jao] means the failure of [Plaintiff's] defamation lawsuit."). Plaintiff's claims are therefore dismissed.

In addition to the statutory limitation on the types of claim a plaintiff may bring, FTCA claims are also subject to certain procedural requirements. Pursuant to 28 U.S.C. § 2401(b), "a plaintiff bringing an action under the FTCA must first exhaust administrative remedies by filing a claim for monetary damages with the appropriate federal entity within two years of the injury's accrual." *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) (citations omitted). A claimant who fails to administratively exhaust her FTCA claims "deprives Article III courts of subject matter jurisdiction" over them. *Id.* Defendant argues that Plaintiff's claims should be dismissed for failure to exhaust, on the grounds that she did not allege administrative exhaustion in her complaint and that "information from the Department of Veterans Affairs confirms that no

---

[3] Other courts have held that § 2680(h) does not waive sovereign immunity for claims of "defamation." As Defendant correctly notes in its Motion to Dismiss, "Defamation is comprised of the torts of libel and slander: slander is oral defamation and libel is written defamation." *Stonick v. Delvecchio*, 438 F. Supp. 3d 154, 169 (D. Conn. 2020). Therefore, holdings that § 2680(h) excludes "defamation" from its waiver definitionally include both libel and slander.

administrative claim was filed." Def.'s Mem. in Supp. at 5. However, because Plaintiff's claims are clearly barred by sovereign immunity, the Court need not reach this alternative basis on which to dismiss the complaint.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 11, is GRANTED. The Clerk of the Court is directed to enter judgment in favor of the Defendant and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of February 2025.

                                                  */s/ Kari A. Dooley*
                                                  KARI A. DOOLEY
                                                  UNITED STATES DISTRICT JUDGE